U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY LEE SHEARIN | CIVIL ACTION NO. 04-2548 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| UNITED STATES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss or, alternatively, for summary judgment [**document # 11**] filed by defendants, the "United States through the U. S. Marshal's service and the U. S. Public Health Services" (United States or the government) referred to me by the district judge for Report and Recommendation.

Plaintiff alleges claims for hostile work environment and retaliation. Plaintiff states that she was a Registered Flight Nurse employed by the United States Public Health Service (PHS) and was assigned to the United States Marshal Service in Alexandria when the incidents complained of occurred. She alleges "job sexual harassments" and retaliation by defendants which, she asserts, were Constitutional and statutory violations of law. Plaintiff also claims that defendants illegally published her health and medical records in an effort to "get rid of petitioner" because she was a whistle blower. Plaintiff makes her claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* Petitioner filed a claim under the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.* which, she says, has not been "resolved".

The government has filed the instant motion asserting that, as a member of the active military, plaintiff has no legal claim under Title VII, under the Federal Tort Claims Act, or under the Constitution because the government has not waived immunity for suits by active military personnel. Therefore, the government argues, immunity to suit not having been waived, this court is without jurisdiction over plaintiff's complaint. In connection with its alternative motion for summary judgment, the government has submitted documents relative to plaintiff's job performance and termination.[1]

## Standard Applicable on a Motion to Dismiss

A motion to dismiss an action for failure to state a claim under FRCP 12(b)(6) admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a

---

[1] Because this court is able to resolve the issues presented pursuant to the government's motion to dismiss without evidence, the summary judgment evidence submitted will not be considered by the court and the defendant's motion will not be considered as a motion for summary judgment.

2

motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming v. United States, 281 F.3d 158, 161 (5th C. 2001). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Robinson v. TCI/US West Communications, Inc., 117 F.3d at 900 (5th C. 1997).

Further, in determining whether subject-matter jurisdiction

3

exists, "[c]ourts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." Linkous v. United States, 142 F.3d 271, 275 (5th C. 1998).

In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. See Land v. Dollar, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case.

However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the Fifth Circuit has held that the trial court must assume jurisdiction and proceed to the merits. In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir.1981); see also Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1347 (5th Cir.1985).

Analysis

Title VII Claims

Plaintiff's claims arise under 42 U.S.C. 2000e-16(a-b), which prohibits government departments from engaging in acts of employment discrimination. Although this statute operates as a waiver of sovereign immunity, this waiver has been understood to apply only to suits by civilian employees of the military departments and not to active members of the military. Brown v. United States, 227 F.3d 295 (5th C. 2000). It is not contested that plaintiff was, at all pertinent times, an active commissioned officer in the Public Health Service. For purposes of the federal discrimination laws plaintiff, as a Public Health Service Flight Nurse, was considered to be an active member of the military, 42 U.S.C. 201 et seq. ("[a]ctive service of commissioned officers of the [Public Health] Service shall be deemed to be active military service in the Armed Forces of the United States for purposes of all laws related to discrimination on the basis of race, color, sex, ethnicity, age, religion, and disability"). Therefore, under Brown, supra, because plaintiff was deemed to be an active member of the military for purposes of the discrimination laws, immunity was not waived by the United States.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); Federal

5

Housing Administration v. Burr, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). See also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ( "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

Therefore, not only has plaintiff failed to state a claim upon which relief can be granted, more importantly, this court has no jurisdiction over the claims asserted.

Plaintiff argues, however, that this court should apply the rationale of Mindes v. Seaman, 453 F.2d 197 (5th C. 1971) and find the claims are justiciable. However, Mindes does not apply to a Title VII claim by active military personnel. See Brown, supra, p.299, fn 4. Instead, the Fifth Circuit applies the EEOC's regulations which provide that Title VII does not apply to claims by members of the military. This argument is meritless.

Plaintiff also asserts that this is not a case of discrimination but, rather, is a case of sexual harassment and hostile work environment. Plaintiff's complaint also claims retaliation as a result of the sexual harassment. She suggests,

6

through counsel, that "[o]bviously, sexual harassment is not the same as discrimination."

In fact "discrimination" is a broad term ordinarily used to connote all forms of unlawful employment practices based on race, sex, age, disability etc. under Title VII. More precisely, Title VII, under which plaintiff sues, prohibits discrimination, sexual harassment, hostile work environments, and retaliation. See Septimus v. University of Houston, 399 F.3d 601 (5th C. 2005); Ramsey v. Henderson, 286 F.3d 264 (5th C. 2002). Title VII is a law "related to discrimination" within the meaning of 42 U.S.C. 213(f). This argument is meritless.

Federal Tort Claims Act Claims

In her complaint, plaintiff specifically invoked Title VII. However, plaintiff also noted that she had filed a claim pursuant to the Federal Tort Claims Act (FTCA) which "has not bee[n] resolved to date." In addition, plaintiff alleges that the conduct complained of deprived her of Constitutional rights.

The government argues that it is not liable under the FTCA for injuries to servicemen in active service, citing Feres v. United States, 71 S. Ct. 153 (1950). It argues that plaintiff is one of those "servicemen" as to whom there is no liability. As support for its argument the government falls back on the provision of 42 U.S.C. 213 which provides that "active service of commissioned officers of the Service shall be deemed to be active military

7

service in the Armed Forces of the United States <u>for purposes of all laws related to discrimination on the basis of race, color, sex, ethnicity, age, religion, and disability.</u>" (Emphasis added).

The statutory provisions related to the PHS do not contain a blanket provision providing that PHS commissioned officers are, for all purposes (or, for that matter, for purposes of the FTCA) considered to be active military members. Rather the statute provides only for such with regard to laws administered by the Secretary of Veterans Affairs, with respect to the Service members Civil Relief Act and, as discussed, with respect to anti-discrimination laws. See 42 U.S.C. 213 (d,e,f).[2] No provision is made with respect to the FTCA and I find no case applying the statutes in the context of a FTCA claim. Therefore, the mere fact that plaintiff may be treated, for some purposes, as a serviceperson doses not prevent her from filing a FTCA claim.

However, in this case, all of plaintiff's claims as set forth in her complaint, deal exclusively with matters traditionally covered by federal discrimination laws, e.g. Title VII. These claims are claims of sexual harassment, hostile work environment, and retaliation set forth as various acts visited upon plaintiff. Therefore, I find that as to plaintiff's claims in this case which seek to invoke the provisions of the FTCA, the FTCA is a law

---

[2] Commissioned officers of the PHS are also treated for some other purposes as members of the military, which provisions do not concern us here. See, for example, 42 U.S.C. 213a.

8

"related to discrimination" within the meaning of the PHS statute, 42 U.S.C. 213 (f). Plaintiff is, therefore, deemed to be in "active military service" so as to trigger the application of Feres to the claims.

The FTCA claims are, therefore, barred and this court lacks jurisdiction.³ Chappell v. Wallace, 103 S.Ct 2362 (1983).

Constitutional claims

Finally, plaintiff asserts in her complaint that her constitutional rights have been violated. However, the government has not waived its sovereignty as to such suits and "Bivens claims" ⁴ have not been extended to permit suit against the United States or its agencies. See FDIC v. Meyer, 114 S. Ct. 996 (1994).

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's complaint be dismissed pursuant to FRCP 12(b)(6) for lack of jurisdiction and that defendants' motion to dismiss, Doc. #11, be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written

---

³ Though not raised by the government at this time, the FTCA claims may be premature since, by plaintiff's own admission, they have not been resolved in the administrative stage. 28 U.S.C. 2675. Nevertheless, because there is no FTCA claim for military persons asserting claims such as plaintiff's, dismissal is proper.

⁴ Bivens v. Six Unknown Agents, 91 S. Ct. 1999 (1971).

objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 31st day of January, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE